[Civ. No. 4560.   Third Appellate District.—May 25, 1932.]

M. L. BRADNER et al., Respondents, v. J. W. NOESEN et al., Appellants.

W. W. Wallace for Appellants.

Noel C. Edwards and Jerold E. Weil for Respondents.

JAMISON, J., *pro tem.*—This action was brought by plaintiffs to recover judgment for rent, to foreclose a chattel mortgage, and to recover damages.

The facts upon which this action is founded are as follows: Plaintiff M. L. Bradner leased an unfurnished apartment house, containing sixty rooms, in Long Beach to defendants J. W. Noesen and Madeline Noesen, his wife, for a period of five years, beginning December 1, 1924, at a rental of $36,000, payable monthly in advance in installments of $600 per month. At the date of the execution of said lease the said Noesens also executed a note for the sum of $5,000, due on or before five years after date, secured by a chattel mortgage on certain personal property. This note and mortgage were given as security for the fulfillment of the terms and conditions of the lease on the part of the lessees.

On September 17, 1925, the said Noesen and wife assigned said lease to defendant Gay, who assumed said note and mortgage, plaintiffs assenting to said assignment without releasing the assignor. Under the same conditions said lease was successively assigned to defendant Hallam and to defendants Hall and Oster, and upon each of said assignments the property covered by the said mortgage was sold and assigned to the assignee, and possession of said leased premises delivered.

Prior to the commencement of this action plaintiffs had filed three actions against defendants, two of which were for unpaid rent and the other an action in unlawful detainer. All of these actions were dismissed by plaintiffs before trial.

In the second action for rent defendant Hallam filed an answer and applied for the appointment of a receiver. One of the grounds for such appointment was that the defendants Hall and Oster, who were then in possession of said leased premises as assignees of the lease, were insolvent and were collecting the rents of same and instead of applying said

rents to the payment of the rent accruing to the landlord were converting same to their own use and that said Hallam was liable to the landlord for the rent called for by the lease.

No objections being made to this application, the court appointed one Anna Slevelan as such receiver. Said receiver took possession of the apartment house on August 11, 1927, and thereafter continued in possession until July 1, 1928.

The action of unlawful detainer was filed June 14, 1928, but as plaintiffs were given possession of said apartment house on July 1, 1928, the said action was dismissed.

The present action was commenced on August 28, 1928, and judgment was rendered for plaintiffs and against defendants for the unpaid rent owing on said lease up to July 1, 1928, amounting to the sum of $4,960.32, decreeing the foreclosure of the mortgage, and for $2,460 damages for the remainder of the term of the lease. From this judgment defendants J. W. Nocsen and wife and Edith W. Gay have appealed.

Respondents admit, in their brief, that the portion of the judgment awarding them $2,460 as damages, for the remainder of the term of the lease after July 1, 1928, is erroneous. It is, therefore, unnecessary to consider the matters involved in this part of the judgment.

Appellants contend that the appointment of the receiver, who took possession of the apartment house, was an eviction of the lessees, and that during the time such receiver remained in possession appellants were not liable for the rent of the apartment house, and in support of this contention they cite *Telegraph Avenue Corp.* v. *Raentsch,* 205 Cal. 93 [61 A. L. R. 366, 269 Pac. 1109]. The court held in that case that the appointment of a receiver upon the application of the landlord, who took full control and possession of the premises, amounted to an eviction of the tenant and relieved him from payment of rent during the period of the receiver's occupancy.

In the case now under consideration the appointment of the receiver was made on the application of a third party and not by the landlord.

Appellants seek to connect respondents with the appointment of such receiver by the testimony of defendant Hallam, who testified that respondent M. L. Bradner first made the suggestion to her to have a receiver appointed, stating to

her that he was getting no rents and implored her to have the appointment made. Bradner testified that in a conversation with defendant Hallam's attorney he stated to him that he thought it advisable for Mrs. Hallam to have a receiver in order to protect her interests and the interests of the other assignees.

It appears from the affidavit of Hallam that she asked for the appointment of a receiver solely for her own protection. The court found that respondents did not take possession of said leased premises until July 1, 1928, and this finding is supported by evidence.

Why the receiver was not discharged when the case was dismissed on October 21, 1927, is not disclosed by the record. There is no evidence that the receivership was continued at the instance of respondents or that they were in any way responsible for its continuance.

Appellants' next contention is that the $5,000 note was not due at the commencement of the action.

The lease, the note and the mortgage were executed at the same time; each formed a part of the same transaction. The lease provides that the lessees concurrently with its execution shall make and execute the promissory note secured by a chattel mortgage on the furnishings and furniture then in said premises as surety for the fulfillment of all terms of the lease, and that upon breach thereof the lessor should have the right to declare the note due and payable and foreclose the chattel mortgage.

Section 1642 of the Civil Code provides that "Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together."

Construing these three instruments together it is apparent that one of the conditions under which the note and mortgage were given was to secure the payment of the rent, and that upon the default in the payment of the rent the lessor had the right to proceed to foreclose the mortgage for the rent then due.

Respondent has conceded that the clause in the lease providing for the recovery of liquidated damages is illegal, under the provisions of section 1670 of the Civil Code. But this provision in the lease does not prevent the recovery of the rent due respondents at the date of sur-

render of the leased premises. (*Green* v. *Frahm*, 176 Cal. 259 [168 Pac. 114]; *Rez* v. *Summers*, 34 Cal. App. 527 [168 Pac. 156].)

None of the cases cited by appellants, in which the lease provided for liquidated damages, hold that the lessor, by reason of such provision, was not entitled to recover the actual rent due and owing from the tenant at the time the action was commenced, where the complaint sets forth the amount of the unpaid rents and asks judgment therefor, as was done in this case.

There is no merit in appellants' contention that the note was executed without consideration.

The judgment is modified by striking therefrom that part awarding to respondents the sum of $2,460, and as so modified is affirmed, appellants to recover costs on appeal.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 24, 1932.