CANBY, Circuit Judge.
 

 This case arises from the filing of two California partial summary judgments as claims in bankruptcy court. The bankruptcy court allowed the claims and the district court dismissed the appeal. We affirm.
 

 Secured Investments sued Lumbermans Mortgage Company, Lumbermans Acceptance Company, and certain other defendants in California Superior Court. On its principal claims for breach of contract, Secured Investments won partial summary judgment against Lumbermans Mortgage Company and against the parent corporation, Lumbermans Acceptance Company. Before completion of the state proceedings, the Lumbermans defendants filed for reorganization in federal bankruptcy court. Secured Investments dismissed its other state claims so that nothing remained to be decided in state court, but the automatic stay of bankruptcy prevented the entry of any final judgment. 11 U.S.C. § 362 (1979).
 

 Secured Investments filed claims in bankruptcy court of $368,530.42 against Lumber-mans Mortgage Company and $292,370.28 against Lumbermans Acceptance Company. Both claims were based on the partial summary judgment entered in state court. The Lumbermans companies objected. After hearing arguments on the merits of the breach of contract issue, the bankruptcy judge allowed the claims in full.
 

 The Lumbermans Companies appealed to the district court, again arguing the merits of the breach of contract action. The district court dismissed the appeal without going to the merits, however, on the ground that the state court judgment was “final and binding” and not subject to collateral attack.
 

 If the district court’s ruling was that the state court judgment was final and binding under California law, it was in error. Cal. Civ.Proc.Code § 437c (1973);
 
 Field Research Corp. v. Superior Court,
 
 71 Cal.2d 110, 111, 453 P.2d 747, 748, 77 Cal.Rptr. 243, 244 (1969). Even if the partial summary judgment were made final by the trial court, California would withhold preclusive effect until appeals were exhausted.
 
 People ex rel. Gow v. Mitchell Brothers’ Santa Ana Theater,
 
 101 Cal.App.3d 296, 306, 161 Cal.Rptr. 562, 568 (1980). Secured Investments concedes that under California law the partial summary judgment possesses no preclusive effect.
 

 It is possible to interpret the district court as holding that the California partial summary judgment has a preclusive effect under federal law even though it has no such effect under California law. Such a ruling poses difficult questions of federal law,
 
 see Haring v.
 
 Prosise,-U.S. ———, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), made more difficult in this case by the effect of the bankruptcy stay on the availability of appeal in the California court,
 
 see Luben Industries, Inc. v. United States,
 
 707 F.2d 1037 (9th Cir.1983). We elect not to reach those difficult questions because we can sustain the judgment of the district court on other grounds presented by the record and briefed and argued in this appeal.
 
 See United States v. Aranson,
 
 696 F.2d 654, 658 (9th Cir.1983). Our review of the record, which includes the summary judgment motions and supporting materials from the state court, convinces us that even if collateral attack on the state judgment were permitted, it would fail on the merits.
 

 The dispute between these parties arose over an apartment complex. Lumbermans built the complex and arranged for permanent financing through Gibraltar Savings. Gibraltar held a first mortgage on the complex. Pursuant to a sale-leaseback agreement, Secured Investments purchased the complex for $250,000 in cash and a note payable to Lumbermans and secured by a second trust deed. Concurrently, Secured Investments leased the premises back to Lumbermans for five years. The lease provided that Lumbermans would collect the apartment rents, manage the property, pay
 
 *1336
 
 Secured Investments rent of $1,875 per month, and make all payments including payments on the first mortgage. Lumber-mans Acceptance Company, the parent of Lumbermans Mortgage Company, guaranteed these payments.
 

 About a year and a half later, Lumber-mans ceased making rental payments and payments on the first mortgage. Gibraltar Savings secured the appointment of a receiver, and within a few months foreclosed the first mortgage and purchased the property at the trustee’s sale. Gibraltar thus extinguished Secured Investments’ interest in the complex.
 

 Secured Investments sued Lumbermans in California state court for breach of the agreements. The state court granted Secured’s motions for partial summary judgment and awarded damages including $250,000 for the lost interest in the complex and rent due from the time of default until termination of the lease.
 

 Lumbermans does not dispute that it violated the parties’ agreement, but contends that the damages allowed in the claim were too high.
 

 First, Lumbermans argues that it breached only the lease, not the sale-leaseback agreement, and so is liable for rent but not for the $250,000 cash investment that Secured lost. We reject this argument. Lumbermans admitted in a stipulation in state court that the “sale and leaseback agreement” obligated it to make the payments on the first mortgage. The failure to do so violated the sale leaseback agreement. Further, the three agreements certainly related to a single complex transaction. California Civil Code § 1642 provides: “Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together.” Thus, we find that under California law Lumbermans breached the entire agreement between the parties.
 
 See Meier v. Paul X. Smith Corp.,
 
 205 Cal.App.2d 207, 217, 22 Cal.Rptr. 758, 764 (1962).
 

 Lumbermans next argues that its liability to pay rent ceased when it was evicted from the leasehold by the state appointed receiver or by the foreclosure by Gibraltar Savings. We find this argument also unpersuasive. Under California law, the appointment of a receiver at the behest of a third party does not constitute an eviction terminating a tenant’s liability for rent.
 
 Bradner v. Noesen,
 
 123 Cal.App. 684, 12 P.2d 84 (1932). Secured Investments was not responsible for the receivership. Similarly, the foreclosure was not the result of any action of Secured Investments, but was solely the result of Lumbermans’ breach of the lease agreement.
 

 Lumbermans has not shown that the bankruptcy court erred in allowing these claims in full. The judgment is AFFIRMED.