FILED

NOT FOR PUBLICATION

FEB 11 2020


SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-19-1101-STaL |
| MAGGIE LIU, | Bk. No. 8:17-bk-12832-CB |
| Debtor. | |
| VINCENT JUE, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| MAGGIE LIU; RICHARD A. MARSHACK, Chapter 7 Trustee, | |
| Appellees. | |

Argued and Submitted on October 24, 2019
at Pasadena, California

Filed – February 11, 2020

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value. *See* 9th Cir. BAP Rule 8024-1.

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

———————

Appearances:     Kathleen P. March of The Bankruptcy Law Firm, P.C.
                 argued for appellant; David Edward Hays of Marshack
                 Hays LLP argued for appellee Richard A. Marshack,
                 chapter 7 trustee.

———————

Before: SPRAKER, TAYLOR, and LAFFERTY, Bankruptcy Judges.

Memorandum by Judge Spraker
Concurrence by Judge Taylor

**INTRODUCTION**

Vincent Jue appeals from an order granting chapter 7[1] debtor Maggie
Liu's motion under § 522(f)(1)(A) to avoid an attachment lien as impairing
her homestead exemption in her residence. Jue also appeals from the denial
of his motion under Rule 9024 seeking relief from the court's order
avoiding the lien.

Jue lacked standing to oppose a § 522(f) lien avoidance motion. Based
on our decision in Jue's related appeals, *Jue v. Liu*, BAP Nos. CC-19-1039-

———————

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal
Rules of Bankruptcy Procedure.

STaF, and CC-19-1040-STaF (9th Cir. BAP Feb. 11, 2020), Jue has no interest in the attachment lien. We have affirmed the judgment avoiding that lien under § 547(b) and preserving it for the benefit of Liu's bankruptcy estate under § 551. Therefore, the attachment lien belongs to Liu's bankruptcy estate, and the chapter 7 trustee represents the interests of the bankruptcy estate – not Jue. No party has challenged the homestead exemption, and the trustee has stated that he does not oppose the relief sought. As one of Liu's unsecured creditors, Jue never sought, nor obtained, the trustee's agreement or the court's permission to oppose Liu's lien avoidance motion on behalf of the estate.

Because Jue lacked standing, we AFFIRM the bankruptcy court's lien avoidance order and its order denying relief under Rule 9024.

## FACTS

The facts essential to our disposition are few. Jue is a judgment creditor of Liu.[2] He obtained an attachment lien against Liu on June 5, 2017. Shortly thereafter, on June 28, 2017, Liu stipulated to entry of a $480,000.00 judgment in favor of Jue. Liu commenced her chapter 7 case on July 17, 2017. In August 2018, the chapter 7 trustee commenced a preference action against Jue to avoid and preserve the attachment lien for the benefit of the

---

[2] For a fuller account of the history between Jue and Liu, please refer to this Panel's decision in *Jue v. Liu*, BAP Nos. CC-19-1039-STaF & CC-19-1040-STaF (9th Cir. BAP Feb. 11, 2020).

bankruptcy estate. The bankruptcy court entered judgment on April 3, 2019, avoiding and preserving Jue's attachment lien. Jue appealed, but we affirmed the preference judgment.

Liu owned her residence in Newport Coast, California, which she valued at $1,379,833.00 in her Schedule A/B when she filed her bankruptcy. After obtaining bankruptcy court approval, the chapter 7 trustee sold the residence in May 2018 for $1,075,000.00. At closing, the trustee paid the outstanding tax liens, the first deed of trust, and the statutory homeowner's association lien. After payment of the costs of sale and the senior liens (as indicated above), there remained $555,852.52. The remaining encumbrances against the property included Jue's attachment lien, another judgment lien, and two junior deeds of trust in the following amounts and priority:

| Creditor | Encumbrance | Date Recorded | Amount of Lien |
|---|---|---|---|
| Vincent Jue | Attachment Lien | 6/8/17 | $ 140,371.16 |
| Yu Huo | Judgment Lien | 6/21/17 | $ 704,043.90 |
| Mei-Ling Su | 2nd Deed of Trust | 6/27/17 | $ 118,382.00 |
| Qiang Li | 3rd Deed of Trust | 7/12/17 | $ 400,000.00 |

The trustee has challenged each of these four junior encumbrances, including Jue's attachment lien. Because of the trustee's challenges, the remaining sale proceeds were held pending further court order. The trustee has since avoided and preserved the third deed of trust, formerly held by Liu's brother, Qiang Li, and the two non-consensual liens. The preference

action seeking to avoid and preserve the second deed of trust is still pending.

On October 12, 2018, Liu filed a motion to avoid Jue's attachment lien under § 522(f)(1)(A) as impairing her $75,000 homestead exemption under California law. Liu used the $1,075,000.00 sale price to establish the fair market value of her residence. She also used the actual lien amounts paid at closing as evidence of the senior liens, and took the amounts of the junior deeds of trust and liens from her schedules. Based on these amounts, Liu calculated that Jue's judgment lien impaired her homestead exemption by $80,088.75, as follows:

| Value of Real Property | | | $ 1,075,000.00 |
|---|---|---|---|
| Orange County Treasurer | Tax Lien | $ 26,743.64 | |
| Amwest Funding Corp. | 1st Deed of Trust | $ 390,055.40 | |
| Ziani Homeowners Ass'n | Statutory Lien | $ 4,536.55 | |
| Mei-Ling Su | 2nd Deed of Trust | $ 118,382.00 | |
| Qiang Li | 3rd Deed of Trust | $ 400,000.00 | |
| Total Statutory Liens & Deeds of Trust | | $ 939,717.59 | |
| Homestead Exemption | | $ 75,000.00 | |
| Total Liens and | | | ( 1,014,717.59) |

| | | |
|---|---|---|
| Exemption | | |
| Equity Net of Liens and Exemption | $ | 60,282.41 |
| Senior Judgment Lien (Jue) | ( | 140,371.16) |
| Impairment of Exemption | ( | 80,088.75) |

Jue opposed Liu's motion to avoid his lien. He primarily attacked the bona fides of the $400,000.00 third deed of trust formerly held by Qiang Li. In response, Liu provided a declaration detailing more than $400,000.00 in transactions which she claims comprised the monies loaned to her by Qiang Li. Jue pointed out, however, that the documents attached to Liu's declaration showed that only $55,977.00 in funds were from someone other than Liu herself. Jue argued that the third deed of trust must therefore be limited to the $55,977.00 in funds that came from third persons. Alternately, he argued that a junior deed of trust should not be counted for purposes of determining whether the attachment lien impaired Liu's exemption within the meaning of § 522(f)(2)(A).[3]

---

[3] Jue also argued that the bankruptcy court used the wrong amount as the fair market value of the property. Jue claims the fair market value was $1,379,833.00 as stated in Liu's original schedules filed on July 17, 2018. But Liu filed amended schedules on October 29, 2018 stating that the fair market value was $1,075,000.00. Furthermore, the lesser amount was supported by the actual sale price the trustee obtained for the property when it was sold in May 2018 – roughly ten months after Liu commenced her bankruptcy case. The lesser amount also was supported by the declaration of the real estate agent the trustee retained to sell the residence, who opined that the value of the

(continued...)

At the hearing on the motion to avoid the lien, the bankruptcy court expressed considerable skepticism concerning the bona fides of the third deed of trust. Ultimately, however, the bankruptcy court rejected Jue's arguments. The court effectively held that Jue could not question the validity or the amount of the third deed of trust on the motion to avoid the judgment lien. Among other things, the court also noted that, on October 31, 2017, the bankruptcy court entered an order approving a stipulation between the trustee and Qiang Li for the avoidance, recovery, and preservation of the third deed of trust for the benefit of Liu's bankruptcy estate. Additionally, the court concluded: "No objection to the debt underlying the Li Deed of Trust was filed. Therefore, the debt secured by the Li Deed of Trust is $400,000."

The bankruptcy court entered its order granting the motion to avoid lien on April 10, 2019. Jue filed a motion under Rule 9024 for relief from the lien avoidance order. Jue asserted that the order erroneously avoided the attachment lien in its entirety. Additionally, Jue once again asserted that the court should not have counted the third deed of trust in calculating the extent the attachment lien impaired Liu's homestead exemption. Jue

---

[3](...continued)
residence as of the date Liu's bankruptcy was filed was "near or at $1,075,000.00." She based this opinion on the actual sale price for the property. Jue offered no competing evidence regarding the fair market value of the property. Nor is there anything in the record that would enable us to conclude that the bankruptcy court clearly erred when it found that the property was worth $1,075,000.00.

maintained that, per § 522(f)(2)(B), avoided liens should not be counted in calculating the extent of impairment under § 522(f)(2)(A).

On April 22, 2019, the bankruptcy court entered an amended order avoiding the attachment lien only to the extent of $80,088.75. The amended order specified that the remaining balance of the lien, $60,282.41, remained valid and enforceable as an unsecured debt. The bankruptcy court also entered an order denying Jue's motion for Rule 9024 relief. Jue timely appealed both orders.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). Subject to the jurisdictional discussion set forth below, we have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did Jue have standing to oppose Liu's § 522(f)(1)(A) lien avoidance motion and to seek relief under Rule 9024 from the order granting that motion?

## STANDARDS OF REVIEW

Standing issues generally are questions of law that we review de novo. *Harkey v. Grobstein (In re Point Ctr. Fin., Inc.)*, 890 F.3d 1188, 1191 (9th Cir. 2018). But underlying factual issues are questions of fact reviewed under the clearly erroneous standard. *Palmdale Hills Prop., LLC v. Lehman Commercial Paper, Inc. (In re Palmdale Hills Prop., LLC )*, 654 F.3d 868, 873 (9th

8

Cir. 2011) (citing *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 777 (9th Cir. 1999)).

When we conduct a de novo review, we consider the matter anew, as if the bankruptcy court had not previously resolved it. *Kashikar v. Turnstile Capital Mgmt., LLC (In re Kashikar)*, 567 B.R. 160, 164 (9th Cir. BAP 2017).

A factual finding is not clearly erroneous unless it is illogical, implausible or without support in the record. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1196 (9th Cir. 2010).

We may affirm on any ground supported by the record. *Shanks v. Dressel*, 540 F.3d 1082, 1086 (9th Cir. 2008).

## DISCUSSION

Standing is a threshold requirement that must be satisfied in every federal case. *Warth v. Seldin*, 422 U.S. 490, 498 (1975). The party seeking relief has the burden to establish its standing. *Nat'l Fire Ins. Co. of Hartford v. Thorpe Insulation Co. (In re Thorpe Insulation Co.)*, 393 F. App'x 467, 469 (9th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## A.    Statutory Standing – Generally.

There are a number of different aspects of standing doctrine subsumed within the general standing inquiry. *See Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal)*, 450 B.R. 897, 906–07 (9th Cir. BAP 2011). But there is only one aspect of standing doctrine relevant to this appeal. It frequently is referred to as statutory standing and asks: to whom does the

9

applicable statute give the right to be heard on the matter? *See generally In re Godon, Inc.*, 275 B.R. 555, 564-65 (Bankr. E.D. Cal. 2002) (explaining at length statutory standing).

**B.      The Trustee's Avoidance Of The Attachment Lien Divested Jue Of Statutory Standing To Challenge Liu's Motion To Avoid.**

When the trustee prevailed in his preference action against Jue and avoided his attachment lien, § 551 automatically preserved the lien for the benefit of Liu's bankruptcy estate. *See generally Retail Clerks Welfare Trust v. McCarty (In re Van de Kamp's Dutch Bakeries)*, 908 F.2d 517, 519 (9th Cir. 1990) (noting that "the legislative history stresses the automatic nature of preservation under section 551").[4] Consequently, upon avoidance, the trustee stepped into Jue's shoes as the successor lienholder and enjoys the same rights in the attachment lien as Jue enjoyed. *Giovanazzi v. Schuette (In re Lebbos)*, BAP No. EC–11–1735–KiDJu, 2012 WL 6737841, at *14 (9th Cir. BAP Dec. 31, 2012), *aff'd*, 600 F. App'x 521 (9th Cir. 2015) (citing *Morris v. St. John Nat'l Bank (In re Haberman)*, 516 F.3d 1207, 1210 (10th Cir. 2008)); *see*

---

[4] The trustee relies on *In re Van de Kamp's Dutch Bakeries* for a much broader proposition. According to the trustee, once a lien is avoided and preserved for the benefit of the estate under § 551, it is wholly insulated from any challenge to its validity or amount. We do not necessarily read *Van de Kamp's* so broadly. The *Van de Kamp's* decision more narrowly decided whether a lien avoided as a fraudulent transfer and preserved for the benefit of the estate was subject to attack by junior secured creditors on state law fraudulent transfer grounds. *Van de Kamp's* held that Congress enacted § 551, in part, to protect the estate from such attacks. *Id.* at 519-20. In any event, we need not decide the breadth of *Van de Kamp's* holding in order to resolve this appeal on statutory standing grounds. That issue is for another day.

*also DeGiacomo v. Traverse (In re Traverse)*, 753 F.3d 19, 26 (1st Cir. 2014) (noting that § 551 automatically puts the trustee "in the shoes of the creditor whose lien is avoided.").

Thus, under § 541(a)(4), the attachment lien became property of Liu's bankruptcy estate. As specified in § 323(a), the trustee is the sole representative of the bankruptcy estate. Because the attachment lien was property of the estate, only the trustee had standing to assert legal claims and defenses pertaining to the attachment lien. *See Estate of Spirtos v. One San Bernardino Cnty. Superior Court Case*, 443 F.3d 1172, 1176 (9th Cir. 2006) (holding that trustee has exclusive standing to assert legal claims with respect to estate property); *DiSalvo v. DiSalvo (In re DiSalvo)*, 219 F.3d 1035, 1039 (9th Cir. 2000) (citing *Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999), and noting that in chapter 7 cases, only the trustee has standing to assert estate claims).

The Ninth Circuit has recognized an exception to this rule, which permits a creditor, with the trustee's agreement and the court's approval, to pursue actions on behalf of the estate. *See Avalanche Mar., Ltd. v. Parekh (In re Parmetex, Inc.)*, 199 F.3d 1029, 1031 (9th Cir. 1999) (citing *Hansen v. Finn (In re Curry and Sorensen)*, 57 B.R. 824, 828 (9th Cir. BAP 1986)). But Jue neither sought nor obtained the trustee's agreement or the bankruptcy court's approval. Nor did Jue take any other affirmative action in the bankruptcy court to the extent he believed that the trustee was failing to

11

perform his duties by not opposing the § 522(f)(1)(A) lien avoidance motion. *See Estate of Spirtos*, 443 F.3d at 1176 ("if the trustee is guilty of malfeasance, the proper remedy is removal under section 324(a).").

In short, § 323(a) permits only the trustee to represent the estate's interests in chapter 7 cases with respect to estate property. Consequently, Jue had no standing to take any action in the bankruptcy court pertaining to the attachment lien once it was avoided and preserved for the estate's benefit under § 551.[5]

## C. Jue's Appeal Of The Preference Judgment Does Not Give Him Standing To Oppose Liu's Motion To Avoid The Attachment Lien.

Jue disputes his lack of statutory standing. He concedes that the bankruptcy court avoided his interest in the attachment lien and preserved it for the benefit of the estate. But he argues that the effect of that order is not binding on him so long as he has not exhausted his appeal rights. Jue is simply wrong. Even when subject to a pending appeal, federal judgments

---

[5] Our analysis is consistent with Rule 4003(d), which sets forth the procedures governing motions for relief under § 522(f). Rule 4003(d) and the accompanying Advisory Committee Notes indicate that the lienholder is the party who has the right to oppose a motion brought under § 522(f). Rule 4003(d) refers to "affected creditors," and the Advisory Committee Notes accompanying the Rule's 2008 amendments more specifically refer to "a creditor with a lien on property." In contrast, the Rules more broadly give standing to trustees and all parties in interest to object to exemption claims. *See* Rule 4003(b). The broader standing under Rule 4003(b) makes sense. Exemption claims are much more likely to affect the economic interests of individual creditors than would a § 522(f) motion, which only directly affects the rights of lienholders.

and orders are immediately effective and enforceable absent a stay pending appeal. *Bennett v. Gemmill (In re Combined Metals Reduction Co.)*, 557 F.2d 179, 190 (9th Cir. 1977). Jue has not obtained a stay of the preference judgment in any of his appeals.

Jue focuses on the issue preclusive effect of a judgment or order subject to appeal. According to him, under California law, a California judgment is not final for issue preclusion purposes until all appeals are exhausted. This is a true statement of California law. *See Lumbermans Acceptance Co. v. Secured Inv. of Marysville, Ltd. (In re Lumbermans Mortg. Co.)*, 712 F.2d 1334, 1335 (9th Cir. 1983) (citing *People ex. rel. Gow v. Mitchell Bros.' Santa Ana Theater*, 101 Cal. App. 3d 296, 306 (1980)). Here, however, we are dealing with a federal judgment imposed under federal law – avoiding and preserving a lien pursuant to § 547 of the Bankruptcy Code. Under federal law, a federal judgment is considered final for issue preclusion purposes even before the appeals process has been completed.[6]

---

[6] In light of our affirmance of the preference judgment, we are bound by its effect under the law of the case doctrine. As we previously have explained:

> Under the law of the case doctrine, a court is barred from reconsidering an issue that already has been decided in the same court or in a higher court in the same case. For the law of the case doctrine to apply, the issue must have been decided, either expressly or by necessary implication. However, even if the law of the case doctrine applies, a court may decide, in its discretion, to revisit the issue if: "(1) the first decision was clearly erroneous and would result in manifest injustice; (2) an intervening

(continued...)

13

*See Frye v. Excelsior College (In re Frye)*, BAP No. CC–08–1055–PaMkK, 2008 WL 8444822, at *5 n.12 (9th Cir. BAP Aug. 19, 2008); *see also Robi v. Five Platters, Inc.*, 838 F.2d 318, 327 (9th Cir. 1988) (holding that a pending appeal does not vitiate the preclusive effect of a federal district court judgment).

In sum, because Jue no longer held the attachment lien avoided and preserved by the trustee, it was not his lien that was subject to Liu's motion to avoid. The attachment lien, therefore, did not provide Jue with standing to oppose the relief sought by Liu.

**D.   Jue's Status As An Unsecured Creditor Is Irrelevant To The Motion To Avoid The Lien Under § 522(f).**

Jue alternately argues that, even if he no longer was entitled to assert the rights of a lienholder, he nonetheless had a sufficient interest in the attachment lien as an unsecured creditor to oppose the § 522(f) lien avoidance motion. Jue points to Rule 4003(b), which broadly gives standing

---

[6](...continued)
change in the law has occurred; or (3) the evidence on remand [is] substantially different."

*FDIC v. Kipperman (In re Commercial Money Ctr., Inc.)*, 392 B.R. 814, 832–33 (9th Cir. BAP 2008) (citing *Milgard Tempering, Inc. v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990)). This doctrine is discretionary, but we typically follow it unless one of the above-referenced exceptions applies. *Am. Express Travel Related Servs. Co. v. Fraschilla (In re Fraschilla)*, 235 B.R. 449, 454 (9th Cir. BAP 1999), *aff'd*, 242 F.3d 381 (9th Cir. 2000) (citing *United States v. Garcia*, 77 F.3d 274, 276 (9th Cir. 1996)). None of the exceptions apply here.

to trustees and any "party in interest" to object to exemption claims. Section 522(l) similarly acknowledges the right of parties in interest to object to a debtor's claim of exemptions. This has been construed to mean that unsecured creditors have a right to object to the debtor's exemption claims. *See In re Anderson*, 386 B.R. 315, 326 (Bankr. D. Kan. 2008), *aff'd*, 406 B.R. 79 (D. Kan. 2009).

Here, however, there is no objection to Liu's homestead exemption claim, and the time to object to that claim has passed. *See generally Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992). Jue never filed an objection to Liu's exemptions. Nor did Jue attempt to challenge the validity of the exemption as part of his defense against the lien avoidance motion.[7] In short, standing to object to exemption claims is not at issue herein.

It is not Rule 4003(b) that applies in this instance. Rule 4003(d) details who may oppose a § 522(f) lien avoidance motion. As set forth above, the language used in Rule 4003(d) is significantly more restrictive than the "parties in interest" language contained in Rule 4003(b). Instead of referring to "parties in interest," Rule 4003(d) refers to "affected creditors." The Advisory Committee Notes accompanying the 2008 amendments to Rule 4003 further clarify that only "a creditor with a lien on property" may

---

[7] This Panel has held that lienholders who do not timely object to a debtor's exemption claim still may challenge the validity of the exemption claim as part of defending against a § 522(f) lien avoidance motion. *Morgan v. Fed. Deposit Ins. Corp. (In re Morgan)*, 149 B.R. 147, 152 (9th Cir. BAP 1993).

object to a lien avoidance motion.

We construe this narrower language to mean that only the affected lienholder has standing to oppose a § 522(f) lien avoidance motion. In this instance, that is the chapter 7 trustee who avoided and has preserved the attachment lien.

Jue's argument that he had standing to object to the § 522(f) lien avoidance motion as an unsecured creditor rings hollow. There being no objection to Liu's homestead exemption, there is no scenario where Liu is not paid her homestead exemption. Rather, Jue advocates for limiting, or eliminating, the third deed of trust. But this should not impact the distribution to the unsecured creditors in this case as the trustee has avoided, and preserved, both judicial liens and Li's third deed of trust for the benefit of the estate.

If the third deed of trust were eliminated, then there would be a greater distribution to the judicial liens. Jue's attachment lien would not impair the exemption and could be paid in full. Huo's judgment lien would then only partially impair the homestead exemption, and it would be paid a substantial amount of the balance due. But ultimately, the same amount of monies would go to the estate, because it holds not only the third deed of trust, but also both judicial liens. In short, Jue's arguments should have no effect on the unsecured creditors' recovery. They will receive the same amount however the impairment is calculated. Jue's arguments only affect

whether the trustee recovers under Jue's attachment lien or through the avoided judgment lien.

It is clear from his arguments, both on appeal and in the bankruptcy court, that Jue is not interested in protecting his interests as an unsecured creditor. He seeks merely to preserve full payment on the attachment lien in the event that he prevails in his appeals of the preference judgment. Thus, the legal positions Jue has taken well illustrate why a narrow construction of standing in this context is practical, logical, and promotes the more efficient administration of the chapter 7 estate.

Accordingly, Jue lacked standing to oppose Liu's § 522(f) lien avoidance motion or to seek relief under Rule 9024 from the order granting that motion. On that basis, we AFFIRM both orders appealed.[8]

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's orders granting the lien avoidance motion and denying the motion for

---

[8] We are aware of California Code of Civil Procedure ("C.C.P.") § 493.030(b). This statute automatically terminates attachment liens when they are created within ninety days of a bankruptcy filing. *See Wind Power Sys., Inc. v. Cannon Financial Group, Inc. (In re Wind Power Sys., Inc.)*, 841 F.2d 288, 293 (9th Cir. 1988) ("The purpose of [C.C.P. § 493.030(b)] is to have a lien of attachment declared void without court action"). Even so, this California statute did not render this appeal moot. Similar to § 551 of the Bankruptcy Code, California automatically preserves for the bankruptcy estate attachment liens terminated by operation of C.C.P. § 493.030(b). *See* C.C.P. § 493.060 ("Upon the filing of a petition commencing a case under Title 11 of the United States Code (Bankruptcy), a lien terminated pursuant to this chapter is preserved for the benefit of the estate.").

relief under Rule 9024.

Concurrence begins on next page.

TAYLOR, Bankruptcy Judge, concurring:

I write separately not because I disagree with the well-reasoned analysis of my colleagues but because I believe that the lien at issue was set aside under California law and that Ms. Liu's motion to set aside the lien under § 522(f), thus, was unnecessary. Previously, we dismissed an appeal of the bankruptcy court's order denying a § 109(g)(2) dismissal of Ms. Liu's bankruptcy case. *See Jue v. Liu (In re Liu)*, BAP Nos. CC-19-1039-STaF and CC-19-1040-STaF (9th Cir. BAP February 11 2020). As a result, as explained in more detail in my concurrence in a companion appeal of the bankruptcy court's summary judgment in favor of the trustee in a preference action, Mr. Jue's attachment lien terminated as a matter of state law. *See id*. As a result, there was no lien to set aside under § 522(f).

I, thus, agree with my colleagues that this matter is moot and that we cannot grant effective relief. I write separately only to emphasize that I do so for a different reason.